1
2
3
4
5
6
7
8
9      **UNITED STATES DISTRICT COURT**
10     **CENTRAL DISTRICT OF CALIFORNIA**
11     **WESTERN DIVISION**

| | |
|---|---|
| DORA M. DIAZ, dba FAJATE-VIRTUAL SENSUALITY, | **Case No. CV 10-4690-JHN (JCx)** |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | **[CHANGES MADE BY COURT]** |
| MARLENE PRADA BAUTISTA *et al*, | |
| Defendants, | |
| AND RELATED COUNTERCLAIMS. | |

Pursuant to the Parties' Stipulation re Entry of Protective Order, and good cause appearing therefore, it is hereby ORDERED that all parties to this action and their counsel comply with the following protective order:

## A.   STATEMENT OF GOOD CAUSE

The Parties are direct competitors.  They have begun pretrial discovery in this case.  This discovery has involved and will continue to involve confidential and proprietary information, including the identity of customers and their contact information, non-public financial information (such as sales figures, revenues, distribution details, profit structures, and confidential financial information of third parties), trade secrets as defined in California Civil Code § 3426.1, and information regarding the Parties' business strategy and operations.

The Parties submit that there is good cause to preserve the confidentiality of this information at the pretrial discovery phase, since, at this pretrial discovery phase of the proceedings, their interest in preserving confidentiality substantially outweighs the public's interest in access to the information.  The Court reserves judgment as to whether there is good cause or compelling reason to preserve the confidentiality of this information at the summary judgment and trial phases of these proceedings.

## B.   DEFINITIONS AND GENERAL PROVISIONS

1.   Designated Materials:  Any information or documents disclosed by a Party during discovery, which are designated "Confidential" or "Highly Confidential" by the producing Party.

2.   Highly Confidential Materials:  Any information or documents disclosed by a Party during discovery, which are designated "Highly Confidential" by the producing Party.  The following materials may be designated as "Highly Confidential":

a.   Invoices that identify a customer, purchase orders that identify a customer, shipping documents that identify a customer, and other materials that disclose the identity of customers or their contact information.

b.   Salaries of Parties and their employees.

c.     Materials that disclose non-public financial information of the producing Parties or of third parties, such as sales figures, advertising expenditures, profits and losses.

d.     Materials that disclose the producing Party's written business plans or written marketing plans.

e.     Any other information or documents which, if disclosed, would reveal significant technical or business advantages of the producing or designating Party.

3.     <u>Confidential Materials</u>: Any information or documents disclosed by a Party during discovery, which are designated "Confidential" by the producing Party.  The following materials may be designated as "Confidential":

a.     Any materials that may be designated "Highly Confidential" under Section B(2) may also be designated "Confidential" at the option of the producing or disclosing Party.

b.     Distribution agreements, confidentiality agreements, and other contracts or agreements to which the producing Party is a party.

c.     Correspondence between Parties and their actual or potential distributors or customers.

d.     Any materials not included in Sections B(3)(a) through B(3)(c) which constitute trade secrets as defined in California Civil Code § 3426.1.

4.     Information and documents may not be designated "Confidential" or "Highly Confidential" if they:

a.     Are in the public domain at the time of disclosure, as evidenced by written documents;

b.     Enter the public domain through no fault of the Party to whom the information or documents are disclosed, as evidenced by written documents;

3

c.     Are, at the time of disclosure, already within the rightful and lawful possession of the Party to whom the information or documents are disclosed, as evidenced by written documents; or

d.     Are later lawfully received from a third party who has the legal right to make the disclosure.

5.    <u>Parties</u>:  Dora M. Diaz, Ricardo Candamil Gomez, Marlene Prada Bautista, Maria Ruth Cuervo, Nelly Santamaria, Dinayra Serpa, any additional persons joined as counter-plaintiffs or counter-defendants, and their management employees, business partners or agents (excluding Attorneys).

6.    <u>Attorneys</u>:  The attorneys of record for the Parties, and any paralegals or support staff working under their direction.

7.    <u>Consultants</u>:  Any experts or consultants who are not Parties, who are retained by a Party for the purpose of this proceeding, and who are not employees of the Parties or their Attorneys.

## C.   <u>TREATMENT OF DESIGNATED MATERIALS</u>

1.    Absent further Order of the Court, Confidential Materials  may be disclosed only to Parties, designated Party representatives, Attorneys, Consultants and the Court/Court personnel.  The disclosure of such information or documents to Consultants is governed by Section C(6).

2.    Absent further Order of the Court, Highly Confidential Materials may be disclosed only to Attorneys, Consultants and the Court/Court personnel.  The disclosure of such information or documents to Consultants is governed by Section C(6).  Highly Confidential Materials may not be disclosed to Parties without the prior written approval of the attorney of record for the producing or disclosing Party.

3.    To designate a document "Confidential" or "Highly Confidential", the Attorney representing the producing or disclosing Party must conspicuously mark the document with the words "Confidential" or "Highly Confidential".  Any

document prepared by any Party, expert, consultant or other person wherein the prepared document summarizes, discusses or otherwise discloses any information obtained from a document designated as "Confidential" or "Highly Confidential" shall itself be marked with the words "Confidential" or "Highly Confidential" at the time each such document is prepared.

4.      During a deposition, persons other than Attorneys, court reporters and the deponent may not be present during any portion of the deposition that involves the disclosure of Highly Confidential Materials.  Persons other than Attorneys, Parties, designated Party representatives, court reporters and the deponent may not be present during portions of the deposition that involve the disclosure of Confidential Materials.

5.      The transcript of each deposition will be treated as "Highly Confidential" for 10 days after it is received by the Attorney representing the deponent.   After this period, the Attorney representing the deponent may designate specific portions of the transcript "Highly Confidential" or "Confidential" by notifying the Attorneys representing each other Party in writing of the particular pages and lines of the transcript to which the designation applies.

6.      Before disclosing Designated Materials to a Consultant, the Attorney wishing to make the disclosure must provide the Consultant with a copy of this Protective Order and the acknowledgement form attached as Exhibit A.  The Consultant must sign the acknowledgement form, which must be retained by the Attorney.  The Attorney must make the signed acknowledgement form available to opposing counsel for inspection and copying upon request.

7.      Designated Materials may only be used in the prosecution, defense or settlement of this case.  The recipient of any Designated Materials must exercise reasonable care in handling, storing, using or disseminating the information.  However, nothing in this Protective Order restricts the use by any Party of its own Designated Materials.

PROTECTIVE ORDER

8.     If discovery is taken from a third party, the third party may request that its Designated Materials be disclosed subject to this Protective Order.  To enjoy the benefits of this Protective Order, the third party or its attorney must notify the Attorneys for the Parties that it has received a copy of the Protective Order and agrees in writing to be bound by its terms.

9.     A Party seeking to file Designated Materials or documents that disclose Designated Materials with the Court must request that the documents be filed under seal pursuant to L.R. 79-5.1.

10.     A Party may file a motion with the Court at any time, challenging the propriety of the designation of Designated Materials utilizing the procedures set forth in L.R. 37-1 et seq.

11.     Each Party that has received Designated Materials will promptly

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

PROTECTIVE ORDER

1 return the materials and any copies of the materials to the producing Party after the

2 final termination of this case.  Alternately, the producing Party may request that the

3 documents be destroyed.

4

5                                         Respectfully submitted,

6

7 Dated: April 5, 2011                 By:_____/s/_____

8                                  Marshall A. Lerner
KLEINBERG & LERNER, LLP
Attorney for Plaintiff Dora M. Diaz

9

10 Dated: April 6, 2011                 By:_____/s/_____

11                                  John M. Murphy
AROCHI, MARROQUÍN &
LINDNER, S.C.

12                                  Attorney for Defendant Marlene
Prada Bautista

13

14 Dated: April 6, 2011                 By:_____/s/_____

15                                  Paul D. Supnik
Attorney for Defendants Maria Ruth
Cuervo, Nelly Santamaria and

16                                  Dinayra Serpa

17

18

19                              **IT IS SO ORDERED.**

20

21

22 Dated:  April 13, 2011              By:_____/s/_____

23                                  Honorable Jacqueline Chooljian
United States Magistrate Judge

24

25

26

27

28

PROTECTIVE ORDER

EXHIBIT A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DORA M. DIAZ, dba FAJATE-VIRTUAL SENSUALITY, | **Case No. CV 10-4690-JHN (JCx)** |
| Plaintiff, | |
| v. | Hon. Jacqueline H. Nguyen |
| MARLENE PRADA BAUTISTA *et al*, | |
| Defendants, | |
| AND RELATED COUNTERCLAIMS. | |

By signing this document, I certify that I have read and understand the Protective Order in this case and agree to be bound by its terms.  I understand that if I violate the terms of the Protective Order, I may be subject to penalties, including penalties for contempt of Court.  I consent to personal and subject matter jurisdiction over me by the Court for the purpose of enforcing my agreement here.

Dated: _____    By: _____

Printed Name:_____

Position: _____

Company Name:_____

Address:_____

Telephone:_____

Fax:_____

E-mail:_____

PROTECTIVE ORDER