UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

DORA M. DIAZ, dba FAJATE-VIRTUAL SENSUALITY,

    Plaintiff,

v.

MARLENE PRADA BAUTISTA, as an individual, and dba FAJATE DISENOS D'PRADA; et al.,

    Defendants.

Case No. 2:10-cv-04690-JHN-JCx

FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT DINAYRA SERPA

The Court, pursuant to the parties' "Stipulation by Defendant Dinayra Serpa (1) to Submit to Personal Jurisdiction and (2) for Entry of Final Judgment and Permanent Injunction," ("Stipulation") submitted by plaintiff Dora M. Diaz ("Diaz") and defendant Dinayra Serpa ("Serpa") and as otherwise agreed to in writing by the parties, hereby ADJUDGES that final judgment, including a permanent injunction, shall be and hereby is entered on the Complaint in this action insofar as it pertains to Serpa. The terms of the permanent injunction are as follows:

A.    Permanent Injunction

Serpa, her agents, representatives, and all other persons, firms or entities acting in concert or participating with her, including without limitation Antonio Brache, are permanently enjoined and restrained from directly or indirectly engaging in, or

authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

1. Infringing Diaz's FAJATE mark, United States Patent and Trademark Office Registration Number 3.231.554, the Certificate of Registration for which is attached as Exhibit 1.

2. Packaging, buying, selling, reselling, importing, exporting, shipping, advertising, promoting or otherwise dealing in any girdles, shapewear or other apparel that bears, or is otherwise associated with, the mark FÁJATE or any colorable imitation thereof supplied by Marlene Prada Bautista or supplied by anyone else other than Diaz.

3. Manufacturing, causing to be manufactured or authorizing others to manufacture any girdles, shapewear or other goods in connection with the FÁJATE mark or any colorable imitation thereof.

4. Manufacturing, causing to be manufactured or authorizing others to manufacture any labels, tags or the like that bear the FÁJATE mark or any colorable imitation thereof.

5. Distributing or causing to be distributed any marketing material bearing the FÁJATE mark or any colorable imitation thereof supplied by Marlene Prada Bautista or supplied by anyone else other than Diaz.

6. Posting on any website or allowing to remain on any website under her control, including without limitation www.girdlesandclothing.com, any and all references, whether such references appear on goods or in text, to the FÁJATE mark or any colorable imitation thereof wherein such reference is for goods supplied by Marlene Prada Bautista or supplied by anyone else other than Diaz.

7. Challenging, contesting, opposing, seeking to cancel, or otherwise objecting to Diaz's use of, registration of, and/or any rights in, Diaz's FAJATE mark and/or any variations thereof, including, without limitation, challenging the validity or enforceability thereof.

8. Filing any application to register, obtaining any registration for, or authorizing any person or entity to apply for, register or obtain any mark that is confusingly similar to Diaz's FAJATE mark.

9. Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade or prospective purchasers with respect to Diaz's FAJATE mark and goods sold by Diaz in connection with that mark.

10. Doing or allowing any act or thing which is likely to dilute Diaz's FAJATE mark.

11. Doing or allowing any act or thing which is likely to damage, injure or harm Diaz's reputation or goodwill or the reputation or goodwill of the FAJATE mark.

12. Engaging in acts of federal, state or common law trademark infringement, dilution, unfair competition or false advertising with respect to Diaz and/or Diaz's FAJATE trademark.

B. <u>No Appeals and Continuing Jurisdiction</u>

No appeals shall be taken from this Final Judgment and Permanent Injunction, and Diaz and Serpa waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce this Final Judgment and Permanent Injunction.

C. <u>No Fees or Costs</u>

Diaz and Serpa shall each bear her own fees and costs.

IT IS SO ADJUDGED.

Dated: May 20, 2011

_____
Jacqueline H. Nguyen
United States District Judge

# EXHIBIT 1



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)



*Director of the United States Patent and Trademark Office*

FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT DINAYRA SERPA

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 3,231,554

United States Patent and Trademark Office    Registered Apr. 17, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# fajate

DORA MARIA DIAZ (CALIFORNIA SOLE PROPRIETORSHIP)
102
6223 PACIFIC BLVD
HUNTINGTON PARK, CA 90255

FOR: SHAPEWEAR, NAMELY, GIRDLES, BODY SUITS AND GIRDLE PANTIES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-7-2000; IN COMMERCE 7-1-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE FOREIGN WORDING IN THE MARK TRANSLATES INTO ENGLISH AS GIRDLE YOURSELF.

SN 78-746,735, FILED 11-3-2005.

AMY MCMENAMIN, EXAMINING ATTORNEY