JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DORA M. DIAZ, dba FAJATE-VIRTUAL SENSUALITY,<br><br>Plaintiff,<br><br>v.<br><br>MARLENE PRADA BAUTISTA *et al*,<br><br>Defendants,<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:10-cv-04690-MWF (JCx)<br><br>**AMENDED PERMANENT INJUNCTION AGAINST DEFENDANTS MARLENE PRADA BAUTISTA, MARIA RUTH CUERVO, NELLY SANTAMARIA, MARTHA ANGULO, AND CONSUELO MEJIA; EXHIBIT** |

Having considered the papers, evidence, and arguments on the motion of defendant and counterclaimant Marlene Prada Bautista and defendants Nelly Santamaria and Maria Ruth Cuervo, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter, amend, or correct the permanent injunction entered by the Court on August 27, 2012 (Docket No. 291), the Court hereby ORDERS, ADJUDGES and DECREES that an amended permanent injunction shall be and hereby is entered on the Complaint in the within action against defendants Marlene Prada Bautista ("Prada"), Maria Ruth Cuervo ("Cuervo"), Nelly Santamaria ("Santamaria"), Martha Angulo a.k.a. Martha Duberney or Martha Alvarez

("Angulo"), and Consuelo Mejia ("Mejia").  The terms of the amended permanent injunction are as follows:

A.  <u>Permanent Injunction</u>

(a)  The persons and entities to which this injunction applies include Prada, Cuervo, Santamaria, Angulo, Mejia and their agents, employees, successors, attorneys, representatives, and all other persons, firms, businesses or entities acting in concert or participating with any of them, including without limitation Yolanda Prada Bautista, Jose Giovanni Pacheco, Fájate Diseños D'Prada , Fájate Comodidad y Alivio, and Inversiones Magen S.A.S., its officers, directors, agents, partners, employees, shareholders, predecessors, successors, its wholly or partially owned subsidiaries and businesses, and all of its related corporations.  All of the foregoing persons and entities (collectively referred to herein as "the enjoined persons")  are permanently enjoined and restrained from directly or indirectly engaging in, in whole or in part, or directly or indirectly causing, authorizing or assisting any third party to engage in, in whole or in part, any of the following activities in the United States of America ("U.S.") or its territories:

1.  Manufacturing, packaging, buying, selling, reselling, importing, exporting, shipping, distributing, advertising, promoting, offering to sell or otherwise dealing in any girdles, shapewear or other apparel that bears the marks FAJATE or FÁJATE, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO,  or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names;

2.  Manufacturing, any labels, tags or the like that bear the FAJATE mark, the FÁJATE mark, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names;

3.  Attempting to sell, soliciting business for the purpose of selling, or otherwise directly or indirectly facilitating in whole or in part, or directly or

indirectly attempting to facilitate in whole or in part, the sale of any girdles, shapewear or other apparel that bears the marks FAJATE or FÁJATE, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO, or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names;

4. Distributing, disseminating, publishing, showing, or directly or indirectly facilitating in whole or in part, or directly or indirectly attempting to facilitate in whole or in part, the distribution, dissemination, publication or showing of any catalog, brochure, pamphlet, placard, flyer, shopping bag, shipping label or any marketing materials, sales materials, shipping materials or the like that bears the FAJATE mark, the FÁJATE mark, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO, or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names;

5. Challenging, contesting, opposing, seeking to cancel, or otherwise objecting to Diaz's use of, registration of, and/or any rights in, Diaz's FAJATE mark and/or any variations thereof, including, without limitation, challenging the validity or enforceability thereof;

6. Filing any application to register, obtaining any registration for, or authorizing any person or entity to apply for, register or obtain any mark that is confusingly similar to Diaz's FAJATE mark;

7. Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade or prospective purchasers with respect to Diaz's FAJATE mark and goods sold by Diaz in connection with that mark;

8. Doing or allowing any act or thing which is likely to dilute Diaz's FAJATE mark;

9. Doing or allowing any act or thing which is likely to damage, injure or harm Diaz's reputation or goodwill or the reputation or goodwill of the FAJATE mark;

10. Engaging in any act of federal, state or common law trademark infringement, dilution, unfair competition or false advertising with respect to Diaz and/or Diaz's FAJATE trademark; and

11. Using the term FAJATE or FÁJATE verbally or in writing in connection with promoting, selling or offering for sale any girdle, shapewear or other apparel.

(b) Prada, Cuervo, Santamaria, Angulo, Mejia and all the other enjoined persons are permanently enjoined and restrained from directly or indirectly engaging in, in whole or in part, or directly or indirectly causing, authorizing or assisting any third party to engage in, in whole or in part, any of the following activities:

12. Infringing Diaz's FAJATE mark, United States Patent and Trademark Office Registration Number 3,231,554, the Certificate of Registration for which is attached as Exhibit 1;

13. Forming or attempting to form, in whole or in part, any business, entity, or relationship where one of the purposes of the business, entity or relationship is to avoid the terms of this injunction or where the business, entity or relationship facilitates actions that are otherwise prohibited by this injunction;

14. Operating any website viewable in the U.S. or its territories where the domain name and/or web address includes the term FAJATE, FÁJATE, FÁJATE DISEÑOS D'PRADA, FÁJATE COMODIDAD y ALIVIO, or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing;

4

15. Facilitating or attempting to facilitate, whether directly or indirectly or whether in whole or in part, any sale or transfer of any girdle, shapewear or other apparel that bears or is otherwise associated with the FAJATE mark, the FÁJATE mark, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO, or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks to a person whose mailing or shipping address is in the U.S. or its territories;

16. Using the term FAJATE or FÁJATE verbally or in writing in connection with the Internet, the world wide web, any computer or network of computers, any telephone or any electronic device, or any website, including without limitation the websites www.fajate.com, www.fajasus.com, www.google.com or www.bing.com, to directly or indirectly, in whole or in part, advertise, sell, attempt or offer to sell, solicit business regarding, or facilitate the sale of, any girdle, shapewear or apparel to any person whose mailing or shipping address is in the U.S. or its territories;

17. Rerouting or redirecting people with United States IP addresses who are trying to access www.fajate.com;

18. Posting on any website or allowing to remain on any website, where such website is viewable in the U.S. or its territories, any and all references, whether such references appear on goods or in text, to the FAJATE mark, the FÁJATE mark, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO, or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names;

19. Shipping, delivering, or causing to be shipped or delivered, any goods to any location in the U.S. or its territories where the goods bear the FAJATE mark, the FÁJATE mark, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO, or any

reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names, including without limitation directly or indirectly causing or participating in, in whole or in part, any such shipping or delivery; and

20. Shipping, delivering, or causing to be shipped or delivered to any location in the U.S. or its territories any catalog, brochure, pamphlet, placard, flyer, shopping bag, shipping label or any marketing materials, sales materials, shipping materials or the like that bear the FAJATE mark, the FÁJATE mark, the name FÁJATE DISEÑOS D'PRADA, the name FÁJATE COMODIDAD y ALIVIO, or any reproduction, counterfeit, copy, or colorable imitation of any of the foregoing marks or names, including without limitation directly or indirectly causing or participating in, in whole or in part, any such shipping or delivery.

(c) Prada shall permanently block people with United States IP addresses from accessing www.fajate.com, www.fajasus.com and any other website that uses the term FAJATE or FÁJATE in connection with promoting, selling or offering for sale any girdle, shapewear or other apparel.

(d) Prada shall permanently block people with United States IP addresses from accessing links to www.fajate.com, www.fajasus.com and any other website that uses the term FAJATE or FÁJATE in connection with promoting, selling or offering for sale any girdle, shapewear or other apparel.

(e)(1) Prada shall upload and/or transmit, or cause to be uploaded and/or transmitted, to www.google.com, www.bing.com and any other search engine websites a copy of this injunction along with instructions informing Google, Bing, and any other search engine operators that for any search using any electronic device based in the U.S. or its territories on their respective search engines that includes the term "fajate" or "fájate," they are required to prevent the search results

from displaying, or providing any link to, www.fajate.com and www.fajasus.com and from displaying any images associated with those two websites.

(e)(2) On any website viewable in the U.S. or its territories which is owned or controlled in whole or in part by Prada, Cuervo, Santamaria, Angulo or Mejia, any such website shall not include the term "fajate" or "fájate" anywhere on the website.

(e)(3) Prada, Cuervo, Santamaria, Angulo or Mejia may not use the term "fajate" or "fájate" on or in connection with the name of any business that does business in the U.S. or its territories.

B. <u>Written Report under 15 U.S.C. 1116(a)</u>

Prada, Cuervo, Santamaria, Angulo, and Mejia shall each, within thirty days after service of this permanent injunction, file with the Court and serve on counsel for Diaz a report in writing under oath setting forth in detail the manner and form in which Prada, Cuervo, Santamaria, Angulo, and Mejia have each complied with this injunction.

C. <u>Continuing Jurisdiction</u>

This Court expressly retains jurisdiction over this action and over Prada, Cuervo, Santamaria, Angulo, and Mejia in order to enforce this permanent injunction.

**IT IS SO ADJUDGED, ORDERED, and DECREED.**

Dated: _November 7, 2012

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE