UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA M. DIAZ, et al.,<br><br>Plaintiff<br>V.<br><br>MARLENE PRADA BAUTISTA, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:10-cv-04690-MWF-JC<br><br>Honorable Michael W. Fitzgerald<br><br>**FIRST AMENDED JUDGMENT AGAINST DEFENDANTS MARLENE PRADA BAUTISTA A/K/A MARLEN PRADA A/K/A MARLENE PRADA, MARIA RUTH CUERVO, AND NELLY SANTAMARIA**<br><br>Judge: Honorable Michael W. Fitzgerald |

This Judgment supersedes, *nunc pro tunc*, the Judgment against Defendants Marlene Prada Bautista, Maria Ruth Cuervo, and Nelly Santamaria [Docket No. 292] entered August 24, 2012.

In its Special Verdict Form Filed on February 4, 2012 [Docket No. 245], the jury found that:

(1) As between plaintiff Dora Diaz ("Diaz") and defendant Marlene Prada Bautista ("Prada"), Diaz was the first to use her FAJATE mark in commerce in the United States;

(2) Prada's FAJATE mark is a counterfeit mark;

(3) As of February 2008, Prada has actual or statutory notice that Diaz's FAJATE mark was registered;

(4) As of August 2009, defendant Maria Ruth Cuervo ("Cuervo") had actual or statutory notice that Diaz's FAJATE mark was registered;

(5) As of August 2009, defendant Nelly Santamaria ("Santamaria") had actual or statutory notice that Diaz's FAJATE mark was registered;

(6) Prada, Cuervo, and Santamaria each willfully used the FAJATE trademark; and

(7) The amount of statutory damages awarded to Diaz (1) from Prada is $1,000,000, (2) from Cuervo is $50,000, and (3) from Santamaria is $3,000.

Based on that Special Verdict Form [Docket No. 245] and the Court's June 29, 2012 Order re: (1) Prada's Claim Under the Inter-American Convention; (2) Application of the Laches Defense; (3) Diaz's Motion for Permanent Injunction [Docket No. 280]; and Diaz's Ex Parte Application for First Amended Judgment [Docket No. 352]; the Court **ORDERS, ADJUDGES and DECREES** as follows:

1. Judgment is entered in favor of Diaz and against Marlene Prada Bautista a/k/a Marlen Prada a/k/a Marlene Prada, Cuervo, and Santamaria;

2. An injunction shall be separately issued against Marlene Prada Bautista, Cuervo, and Santamaria;

3. Marlene Prada Bautista a/k/a Marlen Prada a/k/a Marlene Prada shall pay to Diaz the sum of one million dollars ($1,000,000.00) plus interest thereon pursuant to 28 U.S.C. § 1961;

4. Cuervo shall pay to Diaz the sum of fifty thousand dollars ($50,000.00) plus interest thereon pursuant to 28 U.S.C. § 1961;

5. Santamaria shall pay to Diaz the sum of three thousand dollars ($3,000.00) plus interest thereon pursuant to 28 U.S.C. § 1961.

6. Diaz is the prevailing party under Local Rule 54-2. Diaz shall recover costs against Marlene Prada Bautista a/k/a Marlen Prada a/k/a Marlene Prada, Cuervo, and Santamaria.

DATED: April 20, 2015  _____

Honorable Michael W. Fitzgerald
United States District Judge